UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DUNBAR DAVIS and REGAN LAING, on behalf of themselves, individually, and on behalf of all others similarly situated, | **COMPLAINT** |
| | **Docket No.:** |
| Plaintiffs, | Jury Trial Demanded |
| -against- | |
| UPTOWN COMMUNICATIONS & ELECTRIC, INC., and JONATHAN SMOKLER, an individual, and DANIEL GREENBERG, an individual, | |
| Defendants. | |

DUNBAR DAVIS ("Davis") and REGAN LAING ("Laing"), (together as "Plaintiffs"), on behalf of themselves, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through their attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for their Complaint against UPTOWN COMMUNICATIONS & ELECTRIC, INC. ("Uptown"), and JONATHAN SMOKLER and DANIEL GREENBERG, both individually, (all, collectively, as "Defendants"), allege upon knowledge as to themselves and their own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1.     This is a civil action for damages and equitable relief based upon Defendants' willful violations of Plaintiffs' rights guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (iv) the

NYLL's requirement that employers not make unlawful deductions from employees' earned wages without written consent, NYLL § 193, 12 NYCCRR Part 195; and (v) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff Davis worked for Defendants - - a company that provides cable, video, and data line installation and maintenance for TimeWarner Cable customers in the New York City area, and its two co-owners and day-to-day overseers - - as a cable installer/technician ("technician") from on or around June 1, 2004 to December 3, 2015.  Plaintiff Laing worked for Defendants in that same role from in or around February 2009 to March 11, 2014.  As described below, throughout their employment, but specifically from August 5, 2011 until the end of their respective periods of employment ("the Relevant Period"), Defendants willfully failed to pay Plaintiffs the wages lawfully due to them under the FLSA and the NYLL.  Specifically, for the entirety of the Relevant Period, the Defendants required Plaintiffs to work, and Plaintiffs did in fact work, in excess of forty hours each week or virtually each week, but Defendants failed to compensate them at the statutorily-required overtime rate for any hours that they worked in excess of forty.

3.      Additionally, Defendants violated the NYLL by failing to provide Plaintiffs with proper wage statements on each payday and by making certain unlawful deductions from Plaintiffs' pay by way of separate transaction or directly.

4.      Defendants paid and treated all of their technicians in the same manner.

5.      Plaintiffs bring this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' violations of the FLSA.

6.     Plaintiffs also bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8.     Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(1), as one or more of the Defendants reside within this judicial district.

## PARTIES

9.     At all relevant times herein, Plaintiffs Davis and Laing worked for Defendants in New York and were "employees" entitled to protection as defined by the FLSA, NYLL, and NYCCRR.

10.     At all relevant times herein, Defendant Uptown was and is a New York corporation, with its principal place of business located at 55-40 44th Street, Maspeth, New York 11378

11.     At all relevant times herein, Defendant Smokler was and is a co-owner and the Chief Executive Officer of Defendant Uptown.

12.     At all relevant times herein, Defendant Greenberg was and is a co-owner and the Principal Executive Officer of Defendant Uptown.

13.     At all relevant times herein, all Defendants were and are "employers" within the

meaning of the FLSA and NYLL.  Additionally, Defendant Uptown's qualifying annual business exceeded and exceeds $500,000.00, and Defendant Uptown was and is engaged in interstate commerce within the meaning of the FLSA as it sold and sells products and used and uses supplies in the course of business that originated in states other than New York, and installed and installs and maintained and maintains a network of communication services that transverses state lines, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

14.     Plaintiffs seek to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on their own behalf, as well as on behalf of those in the following collective:

> Current and former technicians, who during the applicable FLSA limitations period, performed any work for Defendants, and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

15.     Defendants treated Plaintiffs and all FLSA Plaintiffs similarly in that Plaintiffs and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

16.     At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiffs and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they

4

purposefully and willfully chose and choose not to do so.

17.     Thus, Plaintiffs and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

<u>**RULE 23 CLASS ALLEGATIONS**</u>

18.     In addition, Plaintiffs seek to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of themselves, individually, as well on behalf of all those who are similarly-situated whom the Defendants subjected to violations of the NYLL and the NYCCRR during the applicable statutory period.

19.     Under FRCP 23(b)(3), a plaintiff must plead that:

    a.  The class is so numerous that joinder is impracticable;

    b.  There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c.  Claims or defenses of the representative are typical of the class;

    d.  The representative will fairly and adequately protect the class; and

    e.  A class action is superior to other methods of adjudication.

20.     Plaintiffs seek certification of the following FRCP 23 Class:

Current and former employees of Defendants who, since August 5, 2011, performed any work for Defendants within the State of New York as a technician, and who: (1) worked in excess of forty hours per week without receiving overtime compensation; and/or (2) were not issued accurate or any pay stubs/wage statements on each payday containing the information that N.Y. Lab. Law § 195(3) requires; and/or (3) had deductions taken from their pay by separate transaction and/or directly that are improper under NYLL § 193 ("Rule 23 Plaintiffs").

<u>Numerosity</u>

21.     Since August 5, 2011, Defendants have employed, in total, at least forty employees that are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

22.     There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff, including but not limited to the following: the duties that the Defendants required and require each Rule 23 Plaintiff to perform; whether the Defendants denied Rule 23 Plaintiffs compensable time for all hours worked; whether the Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; whether the Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective straight-time rates of pay for all hours worked per week over forty; whether the Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); whether the Defendants made improper deductions from the Rule 23 Plaintiffs' wages; whether the Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; and if so, what constitutes the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

23.     As described in the background facts section below, Defendants employed Plaintiffs as non-exempt employees.  Plaintiffs' claims are typical of the claims of the Rule 23

Plaintiffs whom they seeks to represent, as the Rule 23 Plaintiffs work, and/or have worked for Defendants in excess of forty hours per week, whom the Defendants paid only for the first forty hours worked each week regardless of hours actually worked.  Plaintiffs and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at the rate of one and one-half times their straight-time rates for all hours worked per week in excess of forty, to be furnished with accurate wage statements on each payday, and not to have deductions unlawfully taken from their pay, either by separate transaction or otherwise.  Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations.  Plaintiffs and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiffs' claims and/or the Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

<u>Adequacy</u>

24.     Plaintiffs, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendants.  The Defendants did not pay Plaintiffs overtime pay for their hours worked over forty each week, which is substantially-similar to how the Defendants paid the Rule 23 Plaintiffs.  Defendants also took improper deductions from the Plaintiffs' wages and failed to provide them with accurate wage statements on each payday, which is substantially similar to how Defendants treated the Rule 23 Plaintiffs.  Plaintiffs are no longer employed with the Defendants, and thus have no fear of retribution for their testimony.  Plaintiffs fully anticipate testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in the Defendants' Answer.  Thus,

Plaintiffs would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

Superiority

25.     Plaintiffs have no, or few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, Defendants treated Plaintiffs identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

26.     Any lawsuit brought by an employee of the Defendants for the same violations alleged herein would be identical to a suit brought by any other employee for the same violations.  Thus, separate litigation would risk inconsistent results.

27.     Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this matter is properly maintainable as a Class Action under FRCP 23(b)(3).

28.     Additionally, Plaintiffs' counsel has substantial experience in this field of law.

## BACKGROUND FACTS

29.     Defendant Uptown is a New York-based private company with a contract to provide cable, video, and data line installation and maintenance for TimeWarner Cable customers in the New York metropolitan area.

30.     Defendants Smokler and Greenberg are co-owners of Defendant Uptown, who, in that capacity, oversee its day-to-day operations, and who are personally responsible for making the ultimate decision for all matters involving hiring, firing, and disciplining employees, and for determining employees' rates and methods of pay and hours worked, including those matters with respect to Plaintiffs.

31.     On or around February 23, 2007, two individuals named Jerry Williams, Jr. and

8

Gerard Barnes, Sr., commenced an action in the United States District Court, Southern District of New York, captioned *Williams, et al. v. Uptown Communications & Electric, Inc., et al.*, 07-cv-1353 (PKC), as a collective action under 29 U.S.C. § 216(b) and a putative class action pursuant to Fed. R. Civ. P. 23, alleging claims for unpaid overtime under the FLSA and the NYLL on behalf of Defendants' "technicians and foremen." On August 14, 2009, the Honorable P. Kevin Castel, United States District Judge, issued a final order approving a settlement for participating settlement class members in the amount of $275,000. Under the terms of that settlement, any settlement class member who did not validly opt-out of the settlement released the Defendants from all asserted Fair Labor Standards Act and New York Labor Law claims through January 22, 2009.

32.    On April 22, 2011, an individual named Lindell Campbell commenced an action in the United States District Court, Southern District of New York, captioned *Campbell, et al. v. Uptown Communications & Electric, Inc.*, *et al.*, 11-cv-02758 (PKC), against all Defendants in the instant matter. *Campbell* was filed as a collective action under 29 U.S.C. § 216(b) and a putative class action pursuant to Fed. R. Civ. P. 23, and alleged claims for unpaid overtime and unpaid minimum wages under the FLSA and the NYLL on behalf of the Defendants' "Technicians."

33.    On May 3, 2011, individuals named Ambrose N. Grant, Marlon O. Webster, Jonathan Moskowitz, Wayne Edwards, Rabindranauth L. Nal, Deshaun F. Mucthison, Thomas Brennan, and Maurice Johnson commenced an action in the United States District Court, Eastern District of New York, captioned *Grant, et al. v. Uptown Communications & Electric, Inc., et al.*, 11-cv-03975, against all Defendants in the instant matter. *Grant* was filed as a collective action under 29 U.S.C. § 216(b) and a putative class action pursuant to Fed. R. Civ. P. 23, and alleged

9

claims for unpaid overtime and unpaid minimum wages under the FLSA and the NYLL on behalf of Defendants' "cable installers/technicians."

34.    Upon motion of the Defendants, *Campbell* and *Grant* were consolidated and proceeded in the Southern District of New York under docket number 11-cv-03975 against all Defendants named herein.   On April 5, 2012, the Honorable P. Kevin Castel approved a settlement agreement wherein a settlement fund in the amount of $125,000 was created to satisfy the claims of individuals who worked for the Defendants for at least thirty days between September 14, 2009 and August 4, 2011 and opted-in to the settlement class.   Under the terms of that settlement, any eligible settlement class member who did not validly opt-out of the settlement was bound by its terms and considered to have released all alleged Fair Labor Standards Act and New York Labor Law claims, regardless of whether they opted-in to the settlement in order to receive payment.

### Plaintiff Dunbar Davis

35.    Plaintiff Davis was employed by Defendants as a technician from on or about June 1, 2004 through December 3, 2015.

36.    At all relevant times, Defendants required Plaintiff Davis to work, and Plaintiff Davis did in fact work, at least nine hours per day, five days per week, during most weeks, and often time more than that.

37.    For example, Plaintiff Davis would typically be scheduled to work from at least 7:30 a.m. through at least 4:00 p.m. on Mondays through Fridays, without being provided scheduled or uninterrupted breaks during his shifts.   However, Plaintiff Davis often worked even more hours.   Indeed, on a typical day, Plaintiff would arrive at the central location in Maspeth, Queens around 7:30 a.m. to pick up the truck and equipment before going out to job locations,

and would leave the central location after dropping off the truck around 6:30 p.m.  By way of example only, during each of the full four weeks from June 1 to 28, 2015, Plaintiff Davis worked from 7:30 a.m. until approximately 6:00 p.m. for five days per week for a total of at least fifty-two and a half hours during each of those four full weeks.

38.    During 2011 and 2012, Plaintiff Davis's weekly salary was $618, which was intended to, and did in fact, cover only his first forty hours worked per week, and which yields a straight-time rate of $15.45 per hour.

39.    During 2013, Plaintiff Davis's weekly salary was $640, which was intended to, and did in fact, cover only his first forty hours worked per week, and which yields a straight-time rate of $16.00 per hour.

40.    During 2014, Plaintiff Davis's weekly salary was $660, which was intended to, and did in fact, cover only his first forty hours worked per week, and which yields a straight-time rate of $16.50 per hour.

41.    During 2015, Plaintiff Davis's weekly salary was $740, which was intended to, and did in fact, cover only his first forty hours worked per week, and which yields a straight-time rate of $18.50 per hour.

42.     From August 5, 2011 through the end of Plaintiff Davis's employment on or about December 3, 2015, Defendants did not compensate Plaintiff Davis at any rate of pay for any hours that he worked beyond forty in a week.

43.    Defendants paid Plaintiff Davis on a weekly basis.

44.    On each occasion when Defendants paid Plaintiff Davis, Defendants intentionally failed to provide him with a wage statement that accurately listed, *inter alia*, his actual hours worked for that week, or his straight and overtime rates of pay for all hours worked.  Indeed, the

paystubs that Defendants provided to Davis on each payday intentionally listed him as having worked only forty hours per week.

45.     Throughout his employment, Plaintiff Davis reported to a central location in Maspeth, Queens prior to traveling to different job locations throughout the New York metropolitan area.  Defendants also required Plaintiff Davis to go back to the central location to drop off the truck before leaving work for the day.  Upon leaving Defendants' central location, Plaintiff Davis almost always had to pay tolls in order to get to the various job sites to which Defendants sent him.  However, Defendants never reimbursed Plaintiff Davis for these tolls. Defendants also did not reimburse Plaintiff Davis for any portion of his cell phone bill, even though Defendants required him to use, and he did use on a daily basis, his personal cell phone for work.

## **Plaintiff Regan Laing**

46.     Plaintiff Laing was employed by Defendants as a technician from in or about February 2009 through March 11, 2014.

47.     At all relevant times, Defendants required Plaintiff Laing to work, and Plaintiff Laing did in fact work, at least fifty-five hours per week, and often times more than that.

48.     Like Plaintiff Davis, Plaintiff Laing was also required to pick up the truck from the central location in Maspeth, Queens before travelling to the various job locations, usually in Manhattan, and to drop off the truck at the same central location in Maspeth, Queens before leaving work.  Plaintiff Laing typically worked from 7:30 a.m. to around 6:30 p.m., without being permitted to take scheduled or uninterrupted breaks, during all five week days, for a total of fifty-five hours per week.  Because Plaintiff Laing often needed to stay later than 6:30 p.m., his actual hours worked in a week were usually even more than fifty-five hours.  By way of

example only, during the four-week period between February 10 and March 9, 2014, Plaintiff Davis worked from 7:30 a.m. to 6:30 p.m. each weekday for a total of fifty-five hours during each of those four weeks.

49.     At all relevant times, Plaintiff Laing's weekly salary was $520, which was intended to, and did in fact, cover only his first forty hours worked per week, and which yields a straight-time rate of $13 per hour.

50.     At all relevant times, Defendants did not compensate Plaintiff Laing at any rate of pay for any hours that he worked beyond forty in a week.

51.     Defendants paid Plaintiff Laing on a weekly basis.

52.     On each occasion when Defendants paid Plaintiff Laing, Defendants intentionally failed to provide him with a wage statement that accurately listed, *inter alia*, his actual hours worked for that week, or his straight and overtime rates of pay for all hours worked.  Indeed, the paystubs that Defendants provided to Davis on each payday intentionally listed him as having worked only forty hours per week.

53.     Defendants also frequently deducted $250 from Plaintiff Laing's pay without explanation.  An example of this occurred each week during the four-week period between February 10 and March 9, 2014.

54.     Moreover, just like Plaintiff Davis, Plaintiff Laing almost always had to pay tolls in order to get to the various job sites to which Defendants sent him.  However, Defendants never reimbursed Plaintiff Laing for these tolls.  Defendants also did not reimburse Plaintiff Laing for any portion of his cell phone bill, even though Defendants required him to use, and he did use on a daily basis, his personal cell phone for work.

55.     Defendants treated Plaintiffs, all FLSA Plaintiffs, and all Rule 23 Plaintiffs in the

13

manner described above.

56.     Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

57.     Each hour that Plaintiffs worked was for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the FLSA*

58.     Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

60.     As described above, Defendants are employers within the meaning of the FLSA while Plaintiffs and FLSA Plaintiffs are employees within the meaning of the FLSA.

61.     Plaintiffs and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiffs and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

62.     Defendants willfully violated the FLSA.

63.     Plaintiffs and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

64.     Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violation of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the NYLL and the NYCCRR*

65.     Plaintiffs and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66.     NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

67.     Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

68.     Plaintiffs and Rule 23 Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

69.     Plaintiffs and Rule 23 Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their regular rate of pay.

70.     Plaintiffs and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

71.     Plaintiffs and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

72.     N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the

employer pays wages to the employee.

73.     Defendants are employers within the meaning of the NYLL, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

74.     As described above, the Defendants, on each payday, failed to furnish Plaintiffs and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

75.     Prior to February 27, 2015, pursuant to N.Y. Lab. Law § 198(1-d), the Defendants are liable to Plaintiffs and Rule 23 Plaintiffs in the amount of $100.00 for each workweek that the violation occurred, up to a statutory cap of $2,500.00.

76.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiffs and Rule 23 Plaintiffs in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unlawful Deductions in Violation of the NYLL and the NYCCRR*

77.     Plaintiffs and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

78.     NYLL § 193 prohibits employers from making any deduction from an employees' wages without express written consent, outside of certain limited enumerated circumstances. Nor may an employer require an employee to make any payment by separate transaction unless such charge is permitted as a deduction from wages under NYLL § 193.

79.     As described above, Defendants are employers within the meaning of the NYLL and NYCCRR, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

80.     As described above, Defendants violated NYLL § 193 and 12 NYCCRR Part 195

16

by taking unlawful deductions from Plaintiffs' pay, either by separate transaction or directly, without their written consent.

81.     Plaintiffs and Rule 23 Plaintiffs are entitled to recover all of the money that the Defendants unlawfully deducted from their earned wages in violation of NYLL § 193 and 12 NYCCRR Part 195.

82.     Plaintiffs and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of NYLL § 193 and 12 NYCCRR Part 195.

## DEMAND FOR A JURY TRIAL

83.     Pursuant to FRCP 38(b), Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a.     A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b.     Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.     An order restraining Defendants from any retaliation against Plaintiffs and/or FLSA Plaintiffs and/or Rule 23 Plaintiffs for participation in any form in this litigation;

d.     Designation of this action as a FLSA collective action on behalf of Plaintiffs and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA

Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

       e.     Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

       f.     All damages that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for the Defendants' unlawful payment practices;

       g.     Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

       h.     Awarding Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs, and an award of a service payment to Plaintiffs;

       i.     Designation of Plaintiffs and their counsel as collective/class action representatives under the FLSA and FRCP;

       j.     Pre-judgment and post-judgment interest, as provided by law; and

     k.      Granting Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Great Neck, New York
       July 18, 2016

                                    Respectfully submitted,

                                    BORRELLI & ASSOCIATES, P.L.L.C.
                                    *Attorneys for Plaintiffs*
                                    1010 Northern Blvd., Suite 328
                                    Great Neck, New York 11021
                                    (516) 248-5550

               By:            s/Shanshan Zheng
                                    SHANSHAN ZHENG (SZ 3301)
                                    ALEXANDER T. COLEMAN (AC 8151)
                                    MICHAEL J. BORRELLI (MB 8533)