**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★   **JUN 2 6 2017**   ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

DUNBAR DAVIS and REGAN LAING, on behalf of          :
themselves, individually, and on behalf of all others
similarly situated,                                                    :

                             :          Civil Action No.: **16-cv-3990**

                 Plaintiff,          :          (LB)

      -against-          :

UPTOWN COMMUNICATIONS & ELECTRIC          :
INC., and JONATHAN SMOKLER, an individual, and
DANIEL GREENBERG, an individual,          :

                  Defendants.          :

------------------------------------------------------------------------x

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT,
CERTIFICATION OF SETTLEMENT CLASS, APPOINTMENT OF NAMED
PLAINTIFFS AS CLASS REPRESENTATIVES, APPOINTMENT OF PLAINTIFFS'
COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PROPOSED NOTICE OF
SETTLEMENT AND CLASS ACTION SETTLEMENT PROCEDURE**

       This matter comes before the Court on the Plaintiffs' Motion for Preliminary Approval of

the Settlement, Certification of Settlement Class, Appointment of Named Plaintiffs as Class

Representatives, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of

Proposed Notice of Settlement and Class Action Settlement Procedure ("Motion"), which was

filed with the Court on May 29, 2017.  The terms of the proposed settlement are set forth in the

Motion and supporting documents.  Having reviewed the Motion, and all documents and exhibits

submitted therewith, this Court GRANTS preliminary approval of the settlement pursuant to Fed.

R. Civ. P. 23 and 29 U.S.C. § 216(b).  Accordingly, it is hereby ORDERED that:

      (1)     upon preliminary review, the settlement reached by the parties, as set forth in the

             Motion and Settlement Agreement and Release ("Settlement Agreement"),

             including the allocation formula, attorneys' fees, and other terms, is fair and

reasonable to all involved, suffers from no obvious defects, was reached after arms-length negotiations between the parties, and constitutes a reasonable compromise of the claims and defenses in this matter;

(2)    the Parties are directed to perform according to the terms set forth in the Settlement Agreement;

(3)    the Court hereby certifies, for settlement purposes only, the settlement classes, defined as:

> a.   under Fed. R. Civ. P. 23(a) and (b)(3), all individuals who worked as cable installers/technicians for Defendants at any time between August 6, 2011 through the date of this Order, and who may be owed unpaid overtime wages for all hours worked over forty and statutory damages ("New York class"); and
>
> b.   under 29 U.S.C. § 216(b), all individuals who worked as cable installers/technicians for Defendants at any time between July 18, 2013 through the date of this Order, and who may be owed unpaid overtime wages for all hours worked over forty and statutory damages ("Federal class").

(4)    pursuant to the Motion and attachments thereto, upon preliminary review, the Court finds that:

a.   the Class is so numerous that joinder of all members is impracticable, therefore satisfying the requirements of Rule 23(a)(1);

b.   there are questions of law or fact common to the Class, therefore satisfying the requirements of Rule 23(a)(2);

2

      c.      the claims of the named Plaintiffs are typical for settlement purposes of the claims of the Class Members, satisfying the requirements of Rule 23(a)(3);

      d.      the named Plaintiffs, as the representative parties, will fairly and adequately protect the interests of each Class Member, therefore satisfying the requirements of Rule 23(a)(4);

      e.      Dunbar Davis and Regan Laing are hereby appointed as Class Representatives;

      f.      Borrelli & Associates, P.L.L.C. is appointed as Class Counsel;

      g.      questions of law and fact common to the members of the Class, considered in the context of and in light of settlement, predominate over questions affecting only individual members, and a class action is superior to other methods available for the fair and efficient settlement of the controversy, satisfying the requirements of Rule 23(b)(3); and

      h.      certification of the Federal Class for purposes of Section 216(b) is appropriate for settlement purposes only.[1]

(5)      the certification of this settlement is contingent on and for purposes of settlement only. If this settlement does not become final for any reason, Plaintiffs and Defendants shall be restored to their respective positions as if no settlement had been reached. Moreover, if this settlement does not become final for any reason, Defendants shall not have waived any objections they may have or may have asserted to the certification of any class or collective under Rule 23 or Section

---

[1] The requirements of Rule 23 have been satisfied for the New York Class, the more lenient requirements of 29 U.S.C. § 216(b) are met for the Federal collective action.

216(b);

(6)     the Parties' proposed Notice of Pendency of Class Action Settlement ("Notice"), attached as Exhibit B to the Declaration of Jeffrey R. Maguire ("Maguire Declaration"), and the Claim Form, attached as Exhibit C to the Maguire Declaration, are hereby approved, are found to be a reasonable means of providing notice under the circumstances, and, when completed, shall constitute due and sufficient notice of the settlement to all persons affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law;

(7)     Class Counsel has designated, and the Court appoints, Arden Claims Service, LLC, ("Arden" or "Claims Administrator") to be responsible for communicating with Class Members, disseminating the Notice and Claim Forms, accepting and maintaining documents sent by Class Members, including Claim Forms, Opt-out statements and other documents relating to claims administration, and administering claims for allocation, according to the formula set forth in the Settlement Agreement and its attachments;

(8)     by no later than July 7, 2017 (ten (10) days after entry of this Order), Defendants are to furnish: Arden, in electronic form, with a list of all Class Members, identified by: (i) name; (ii) employee identification number; (iii) last known address; (iv) Social Security Numbers; and (v) dates of employment during the Relevant Time Period; and Class Counsel, also in electronic form, with an abbreviated list that includes only categories (i) and (v) that to be furnished to

4

Arden. Each list will be contained in a confidential document that the Defendants shall provide to Plaintiffs' Counsel and Arden. The Class Member Lists are to be used by Plaintiffs' Counsel and Arden to effectuate settlement, and may not be disseminated or used for any other purpose;

(9) the Parties are directed to require Arden to send the Notice and Claim Form referenced in (6) above to putative class members by July 27, 2017 (thirty (30) days of the entry of this Order);

(10) the Parties may make minor, non-substantive revisions to the Notice and Claim Form following the issuance of this Order as they deem appropriate and necessary and to also insert deadlines and dates consistent with this Order without necessity for further Court intervention;

(11) the cost of notice and, as incurred, processing of claims, shall be paid from any unclaimed funds as provided for in the Settlement Agreement;

(12) Claims Forms filed by Settlement Class Members must be postmarked by September 27, 2017 (sixty (60) days after notices are mailed as referenced in (9) above);

(13) as described in the Notice, any Class Member may opt out of the Class by mailing via First Class United States Mail, postage prepaid, a written, signed statement to the Administrator that states that he or she is opting out of the settlement, and that includes his or her name, address, and telephone numbers, case name and docket number, and a statement indicating his or her intention to opt-out, such as: "I opt out of the Uptown wage and hour settlement," postmarked or received on or before September 27, 2017, (sixty (60) days after notices are mailed as

5

referenced in (9) above).  Persons that request exclusion shall not be entitled to share the benefits of the Settlement, nor be bound by any judgment in connection with this litigation, whether favorable or adverse;

(14)    any Class Member who does not properly and timely mail a Claim Form or letter requesting to be excluded as set forth above shall be included in the New York Class, and shall be bound by all of the terms and provisions of the Settlement Agreement pertaining to the released claims as defined in the Settlement Agreement, including the release of such claims, whether or not such Class Member has objected to the Settlement Agreement and whether or not such Class Member participates in the Settlement by cashing his/her check;

(15)    any Class Member who submits a timely and valid Claim Form as set forth above shall be included in the New York and Federal Class, and shall be bound by all of the terms and provisions of the Settlement Agreement pertaining to the released claims as defined in the Settlement Agreement, including the release of such claims, whether or not such Class Member has objected to the Settlement Agreement and whether or not such Class Member participates in the Settlement by cashing his/her check;

(16)    Class Counsel shall file their Motion for Judgment and Final Approval on or before October 31, 2017, no later than fifteen days before the Fairness Hearing referenced in (17). (No sooner than thirty (30) days after the deadline for Claims Forms and Opt-out Statement to be filed as referenced in (12) and (13) above);

(17)    the Court will hold a Fairness Hearing on the above-referenced settlement on November 15, 2017, (on or about thirty (30) days after the motion deadline

referenced in (16) above), in Courtroom 11A at the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201;

(18)     any Class Member who has not filed an Opt-out Statement may appear at the Fairness Hearing in person or by counsel and may be heard, either in support of or in opposition of the fairness, reasonableness, and adequacy of the Settlement Agreement, the allocation formula, or Class Counsel's request for attorneys' fees and service awards, provided that such person, individually or through counsel, mails written objections to the Administrator, through first class mail, postmarked or received no later than _ September 27, 2017, (sixty (60) days after the initial mailing of Notice to the Class referenced in (9) above), to Arden Claims Services, LLC, Re: Uptown Lawsuit, P.O. Box 1015, Port Washington, New York 11050, or to any other address that Arden chooses in the United States and as printed on the Notice to the Class.

(19)     The Administrator will stamp the date received on the original and send copies of each objection, with supporting documents, to Plaintiffs' Counsel and Defendants' Counsel by email to be delivered no later than three (3) days after receipt of the objection.  Any individual who wishes to appear at the hearing and be heard must affirmatively state so in his/her objection.  Any individual who wishes to appear at the hearing and be heard through counsel must also affirmatively state so in his/her objection, and must have his/her counsel file a notice of appearance by no later than November 1, 2017 (two (2) weeks before the date of the Fairness Hearing in (17) above);

7

(20)   any Class Member who does not make his/her objection in the manner and by the time provided herein shall be deemed to have waived such objection and shall be forever foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Settlement Agreement or to the award of attorneys' fees to Class Counsel or enhancement payments to any Plaintiff or Opt-in Plaintiff, unless otherwise ordered by the Court.

(21)   the date and time of the Fairness Hearing shall be set forth in the Notice but shall be subject to change by the Court without further notice to the members of the Settlement Class other than that which may be posted at the Court or on the Court's website or docket. The Court may approve the Settlement Agreement, if appropriate, without further notice to the Class;

(22)   all reasonable expenses incurred in identifying and notifying members of the Settlement Class, as well as administering the Settlement Fund, shall be paid as set forth in the Settlement Agreement;

(23)   in the event the Settlement is terminated in accordance with the provisions of the Settlement Agreement, the Settlement and all proceedings had in connection therewith shall be null and void, except to the extent such nullification and voidance would be contrary to the Settlement Agreement, and without prejudice to the *status quo ante* rights of Plaintiffs, Defendants and the members of the Settlement Classes.   In the event that either party terminates the Settlement Agreement in accordance with Section XIII, the terminating party shall be responsible for paying all of the Settlement Administrator's fees incurred;

(24)   in accordance with the Settlement Agreement, neither the agreement itself, nor

any of the negotiations, statements, and proceedings in connection therewith, shall

be construed or deemed to be evidence of an admission or concession on the part

of Plaintiffs, Defendants, any of the Releasees, any member of the Settlement

Class, or any other person of the truth of any of the allegations in the Litigation

and/or of any liability, fault, or wrongdoing of any kind or, that class or

conditional certification whereas appropriate under Rule 23 and Section 216(b).

SO ORDERED THIS _26th_ day of _June_, 2017.

As MODIFIED
IN ¶ M OF PAGE 8,
NOTICE OF PENDENCY

/S/ Judge Lois Bloom

THE HONORABLE LOIS BLOOM, U.S.M.J.

## NOTICE OF PENDENCY OF CLASS ACTION SETTLEMENT

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

*A court authorized this notice. This is not a solicitation from a lawyer.*
*This is not a lawsuit against you and you are not being sued.*
*However, your legal rights are affected whether you act or don't act.*

**If you were employed as a Cable Installer/Technician by Uptown Communications & Electric, Inc. at any time between August 6, 2011 and June 26, 2017, you may be entitled to a monetary payment from a class and collective action settlement.**

***PLEASE READ THIS NOTICE CAREFULLY.*** This notice relates to the settlement of class and collective action litigation. It contains important information as to your right to participate in the settlement and claim a payment from the settlement or to exclude yourself from the litigation and not participate.

## I.   INTRODUCTION

Plaintiffs Dunbar Davis and Regan Laing ("Plaintiffs"), on behalf of themselves and other Cable Installers/Technicians, have a pending lawsuit in the United States District Court for the Eastern District of New York entitled *Dunbar Davis and Regan Laing, Plaintiffs, v. Uptown Communications & Electric, Inc., and Jonathan Smokler, and Daniel Greenberg, Defendants*, Case No. 1:16-cv-3990-LB (the "Lawsuit"). Uptown Communications & Electric, Inc. ("Uptown"), and Jonathan Smokler, and Daniel Greenberg are the Defendants. In the Lawsuit, Plaintiffs assert claims for unpaid overtime under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL" or "New York law"). The Court has certified the Lawsuit to be a class action for settlement purposes only, and you have been identified as a potential Class Member. That is why you are receiving this notice. Defendants have reviewed and investigated this matter and deny any wrongdoing. Nevertheless, Defendants have decided to resolve the Lawsuit in order to avoid the expense of further litigation and the ongoing disruption to their business operations. Plaintiffs and Defendants have entered into a Settlement Agreement and Release ("Settlement Agreement"), which is described in detail below.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **RETURN THE CLAIM FORM** | If you return a timely and valid Claim Form to the Claims Administrator, Arden Claims Service, LLC, you will receive a settlement payment. You will also release all wage and hour-related claims under the FLSA and New York law. |

1

| | |
|---|---|
| **DO NOTHING** | If you do not return a timely and valid Claim Form and you do not exclude yourself from the settlement, you will not receive a payment. Nonetheless, you will be deemed to have released your wage and hour-related claims under New York law, though not under the FLSA. That means you will not be able to bring a new lawsuit or be part of any other lawsuit against any of Defendants about the legal issues in this Lawsuit. It also means that all of the Court's rulings will apply to you and legally bind you. |
| **EXCLUDE YOURSELF** | If you make a timely and valid request to exclude yourself from the settlement by sending a written, signed Opt-out Statement to the Claims Administrator by **September 27, 2017**, you will not receive a settlement payment, and you will not release any claims that you may have under the FLSA or New York law. |
| **OBJECT** | Write to the Claims Administrator about why you disapprove of the settlement. If you submit a timely and valid objection to the settlement, you may also be allowed to appear in Court and present your objection in Court at the final fairness hearing. Note that to receive a settlement payment you must still return a valid Claim Form, even if you submit a timely objection. |

These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- As described more fully below in Paragraph H of this Notice, **to receive a settlement payment, you must return a properly completed Claim Form to the Claims Administrator, which the Claims Administrator must receive no later than September 27, 2017.** If you fail to submit a timely Claim Form, you will receive no settlement payment, and you will still release all wage and hour claims under New York law, though not under the FLSA.

- Neither Plaintiffs' attorneys (also called "Class Counsel") nor Defendants make any representations concerning the tax consequences of receiving a settlement payment, and you are advised to seek your own personal tax advice prior to acting in response to this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made only if the Court approves the settlement and after any appeals are resolved. Please be patient.

## II.     QUESTIONS AND ANSWERS

### A.     Why did I receive this notice?

Records indicate that you are a Class Member, meaning that you were employed by Uptown as a Cable Installer/Technician at some time between August 6, 2011 and June 26, 2017.

The Court ordered that this notice be sent to you because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves the settlement and after any objections and/or appeals are heard, payments will be mailed to class members who submit a timely and valid Claim Form *and* do not exclude themselves. This notice explains the lawsuit, the settlement, your legal rights, and what benefits are available.

### B. What is this Lawsuit about?

Plaintiffs brought this lawsuit as a class action and collective action on behalf of themselves and other Class Members. Plaintiffs allege that Defendants did not pay Plaintiffs and other Class Members overtime pay for the hours that they worked over forty each week between August 6, 2011, and June 26, 2017.

Defendants deny they did anything wrong and believe their pay practices comply with the law.

### C. Why is this a class and collective action?

The law provides a mechanism by which multiple individuals, or one individual on behalf of others, can sue together for the same relief. For the FLSA claims, this mechanism is called a collective action. For the NYLL claims, it is called a class action.

In a class and/or collective action, one or more people called "Class Representatives" (in this case, Plaintiffs Davis and Laing) sue on behalf of people who may have similar claims. All of these potentially similar people are "Class Members." In this case, Class Members are all individuals who performed work as cable installers/technicians for Uptown at any time between August 6, 2011 and June 26, 2017. In a class action, one court resolves the issues for all Class Members, except for those who affirmatively exclude themselves from the class. Pages 8-10 of this Notice explain how to exclude yourself, or **opt-out** of the Class.

### D. Why is there a settlement?

The Court did not decide in favor of either the Plaintiffs or the Defendants. Instead, after extensive negotiations and with the help of a neutral mediator, the parties agreed to settle. While both Plaintiffs and Defendants believe they would have prevailed, by settling they avoid the costs of a trial, the risk of losing, and the delay of litigating the case and of potential appeals. In addition, by settling, the people affected have a chance to receive compensation. Plaintiffs and their attorneys believe that the settlement is fair and reasonable, and in the best interests of all Class Members. The settlement does not mean that Defendants did anything wrong or violated the law.

### E. How do I know if I am part of the settlement?

You are automatically a member of the Class if you worked for Uptown as a cable installer/technician, as defined above in paragraph A, at any time between August 6, 2011, and June 26, 2017.

### F.   What does the settlement provide?

To avoid the burden, expense, inconvenience, and uncertainty of continuing the Lawsuit, Uptown has agreed to pay up to a Gross Settlement Amount of six hundred seventy thousand dollars ($670,000.00), to be distributed among cable installers/technicians who worked during the Class Period who submit a Claim Form.  Only those Class Members who submit a timely, valid Claim Form will receive a settlement payment.  This Settlement Amount will also provide payments to Plaintiffs' counsel for attorneys' fees, and payments to the Class representatives for their service to the Class.

### G.  How will my payment be calculated?

Based on a formula preliminarily approved by the Court, the settlement payment for each member of the Settlement Class who returns a timely and valid Claim Form will be calculated as follows:

1.    Calculate the class fund by deducting the attorneys' fees and service awards from the Gross Settlement Amount.

2.    Each member of the Settlement Class shall be assigned one (1) point for each week worked as a cable installer/technician between August 6, 2011 and June 26, 2017, according to Defendants' records.

3.    Add all points for each member of the Settlement Class together to obtain the "Total Denominator."

4.    Divide the number of points for each member of the Settlement Class by the Total Denominator to obtain each member of the Settlement Class's allocated percentage of the class fund amount.

5.    Multiply each member of the Settlement Class's percentage against the class fund amount to determine the Settlement Payment of each member of the Settlement Class.

This formula can accurately be represented as follows:

$$\$492,500 \; X \; \frac{Individual\ Class\ Member's\ Total\ Weeks\ Worked}{Class\ Members'\ Combined\ Total\ Weeks\ Worked} = Settlement\ Payment$$

The calculation of all work weeks shall be based on Defendants' business records.

**Note that only Class Members who return timely and valid Claim Forms will be entitled to receive a Settlement Check for their portion of the class fund.**

Fifty percent (50%) of your Individual Settlement Amount will be characterized as back wages and subject to all required employee-paid payroll taxes (federal income taxes, state income taxes, employee's share of FICA and FUTA taxes, and any other legally-required deductions), which will be deducted from your payment.  The other fifty percent (50%) of your Individual Settlement

4

Amount will be characterized as payment for liquidated damages and interest and will be treated as income to you, but the Claims Administrator will not withhold taxes from this amount. The Claims Administrator will report the back wage payment to you on an IRS Form W-2 and the liquidated damage/interest payment to you on an IRS Form 1099. If you are a recipient of a Service Award, that payment will also be reported on an IRS Form 1099. You will be responsible for the filing and payment of any taxes associated with any amounts paid to you for which you receive a Form 1099.

### H. How can I collect my settlement payment?

To receive a payment from the settlement, you must return a properly completed and signed Claim Form to the Claims Administrator, which the Claims Administrator must receive by September 27, 2017. You may return your completed Claim Form in the enclosed pre-paid envelope provided with this Notice. You may also mail the properly completed and signed Claim form to the following address:

> Davis v. Uptown Settlement
> Arden Claims Service, LLC
> Claims Administrator
> P.O. Box 1015
> Port Washington, New York 11050

You may also fax the form to the Claims Administrator at: 516-944-1771.

### I. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself from the settlement, you will remain in the Class. You will release all wage and hour claims under New York law. If you submit a timely and valid Claim Form, you will also release all claims under the FLSA. That means you will not be able to bring a new lawsuit or be part of any other lawsuit against any of the Defendants about the legal issues in this Lawsuit. It also means that all of the Court's rulings will apply to you and legally bind you.

The Settlement Agreement provides for the following release:

> "(A)   "RELEASED CLAIMS" shall mean the following: Effective as of the date of the ORDER GRANTING FINAL APPROVAL, each Class Member who submits a timely Claim Form shall be deemed to fully, finally, and forever completely settle, compromise, release, and discharge RELEASED PERSONS, from any and all past and present wage and hour claims, causes of action, disputes, demands, rights, liabilities, expenses, and damages of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, local or other applicable law, which any RELEASING PERSONS have or might have, known or unknown, asserted or unasserted, of any kind whatsoever, even if presently unknown and/or unasserted, that occurred at any time up to and including the date the COURT enters a FINAL APPROVAL ORDER, including without limitation the following: (1) any

5

and all claims asserted or alleged or that could have been asserted or alleged in the LITIGATION; (2) any and all claims for unpaid regular, straight time or overtime wages, minimum wages, late payment of wages, vacation, commissions, bonuses, severance pay, or any other wage and hour-related, wage-related, wage payment-related, wage notice-related, wage theft-related or recordkeeping-related claims, damages back pay, liquidated damages, penalties, attorneys' fees, costs or other remedies or relief of any kind or nature whatsoever under any federal, state, local, or other applicable law, including the FLSA, 29 U.S.C. § 201, et seq., and any and all claims under federal, state, or local law and/or regulations regulating hours of work, wages (including minimum wages and overtime wages), the timing and/or payment of wages, or recordkeeping of any kind; and (3) any and all claims under any federal, state, local, or other applicable law for wages, overtime, hours worked, and/or missed or interrupted meal breaks under tort, contract, or quasi-contract theories, including any claims for breach of express contract, implied contract, money had and received in assumpsit, quantum meruit/unjust enrichment, promissory estoppel, equitable estoppel, fraud, negligent misrepresentation, conversion, and failure to keep accurate records; and (5) any and all wage- and-hour laws or wage-related claims of any kind under any other laws, regulations or ordinances.

"(B) Effective as of the date of the FINAL APPROVAL ORDER, each Class Member who does not opt-out of this Agreement, regardless of if he/she submits a timely valid Claim Form, shall be deemed to fully, finally, and forever completely settle, compromise, release, and discharge RELEASED PERSONS from any and all claims for any wage and hour violations that may have occurred arising from or relating to each Class Member's employment or engagement with Defendants under state and/or local law, including any and all claims for unpaid overtime or minimum wage pay, failure to maintain and furnish employees with proper wage records failure to furnish notices of pay rate, failure to pay spread of hours pay, failure to pay call-in pay, and all other claims that were or could have been asserted in the Litigation, whether known or unknown, under New York state and/or local wage and hour laws (including the New York Labor Law, New York Code of Rules and Regulations, and the New York Wage Theft Prevention Act), through the date the Preliminary Motion for Settlement Approval is filed with the Court. Said release and discharge shall bind each Class Member and his or her current, former, and future heirs, spouses, executors, administrators, agents, and attorneys. The foregoing release and discharge includes all claims for unpaid regular or overtime wages, claims under any wage and hour and wage payment law claims (including statutory claims), all claims arising under any state or local wage and hour law or regulation, interest on such claims, liquidated damages, penalties, attorneys' fees and costs related to such claims, and all other available remedies and relief of any kind of nature whatsoever related to such claims, arising from each such Class Member's employment with Defendants.

"(C)   The RELEASING PERSONS further covenant and agree that, since they are settling disputed claims, they will not accept, recover or receive any back pay,

6

liquidated damages, other damages, penalties, or any other form of relief based on any of the RELEASED CLAIMS asserted or settled in the LITIGATION which may arise out of, or in connection with any other individual, representative, class or any administrative or arbitral remedies pursued by any individual(s), class, or any federal, state or local governmental agency against any of the RELEASED PERSONS. RELEASING PERSONS further acknowledge that they are enjoined from pursuing any RELEASED CLAIM the RELEASING PERSONS has, had, might have or might have had against any of the RELEASED PERSONS based on any act or omission that occurred up to and including the date the COURT enters an FINAL APPROVAL ORDER.

### J.  When will my payment arrive?

The Court will hold a hearing on November 15, 2017 to decide whether to grant final approval to the settlement. If the Court approves the settlement, and no appeal is taken, you will receive your payment within forty days of the Court's Final Approval Order. However, there may be an appeal challenging the Court's decision. It is impossible to predict if an appeal will be taken and, if there is an appeal, resolving it can take more than a year. Please be patient. You can contact the Claims Administrator at any time for an update on the status of the case or the settlement.

### K.  Does the settlement fund include any other payments?

Yes. Plaintiffs' attorneys will ask the Court to approve payment of up to one hundred sixty seven thousand five hundred dollars ($167,500.00) of their fees, which will come from the Gross Settlement Amount of six hundred seventy thousand dollars ($670,000.00) that Defendants have agreed to pay. Plaintiffs' attorneys will also ask the Court to approve a Service Award of five thousand dollars ($5,000.00) to each of the named Plaintiffs Dunbar Davis and Regan Laing, (the Plaintiffs that commenced this action and participated in the mediation), which will both also come from the Gross Settlement Amount. The settlement fund does not include litigation expenses, employer-side payroll taxes, or the Claims Administrator's fees, which will be deducted from any unclaimed funds.

### L.  How do I exclude myself from the settlement?

If you wish to exclude yourself (or "opt out") from this Lawsuit and not be bound by the settlement, you must submit to the Claims Administrator a written Opt-out Statement that includes your name, address, and telephone number, and a statement indicating your intention to exclude yourself from the settlement, such as "I opt out of the Uptown wage and hour settlement." The Opt-out Statement must specifically refer to the "Davis v. Uptown Settlement" and be sent to the Claims Administrator, Arden Claims Service, LLC, P.O. Box 1015, Port Washington, New York 11050. You must send your Opt-out Statement to the Claims Administrator by First Class Mail, post prepaid, and it must be postmarked or received by the Claims Administrator on or before September 27, 2017.

If you exclude yourself, you will not receive any money from this settlement and you cannot object to the settlement. You will not be considered to have released any claims asserted in the Lawsuit and will not be legally bound by anything that happens in the Lawsuit. If you request exclusion

from the settlement, you will not receive any money under the settlement. You may, however, pursue other remedies separate and apart from the settlement that may be available to you, such as your own lawsuit based on the same claims as those settled in this lawsuit.

### M. How do I object to the settlement?

If you disapprove of any part of the settlement, you may object to it before it is finally approved by the Court. If you choose to object to the settlement, you must send your objections, in writing, by First Class Mail to the Claims Administrator, Arden Claims Service, LLC, P.O. Box 1015, Port Washington, New York 11050. Your objection must be postmarked no later than September 27, 2017. Your objection must refer to the "Davis v. Uptown Settlement," state your reasons for objecting, and include any supporting documentation. Your objection must also state your name, address, and telephone number.

If you submit a timely and properly completed objection to the Claims Administrator, you have the right to appear at the Fairness Hearing the Court will hold to determine whether to finally approve the settlement of this case, which will take place before The Honorable Lois Bloom on November 15, 2017 in Courtroom 11A at the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201. The date and time of this hearing is subject to change by the Court without further notice other than that which may be posted at the Court or on the Court's website. If you intend to appear at the Fairness Hearing, your objection must state that by including the words "I request leave to appear and present my objection(s) at the Fairness Hearing." If you intend to appear at the Fairness Hearing through an attorney (whom you may retain at your own expense), your objection must state that as well. Your attorney must file a notice of appearance no later than two weeks prior to the date of the Fairness Hearing. If you object, in order to receive your portion of the settlement, you must still submit a timely Claim Form, in the event that your objection is overruled by the Court.

Objecting to the settlement is not the same as excluding yourself from the settlement, which is described in the previous section. If the Court overrules your objection, you will be bound by its ruling. If you wish to receive your settlement payment in the event that your objection is overruled, you must submit a timely and valid Claim Form.

### N. What's the difference between objecting to the settlement and excluding myself from the settlement?

Objecting is simply telling the Court that you disapprove of something about the settlement. To present an objection, you must remain in the Class. To receive a settlement payment, you must submit a timely and valid Claim Form.

Excluding yourself (opting out) is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### O. If I don't exclude myself, can I sue any of the Defendants for the same thing later?

You cannot sue under the NYLL if you don't exclude yourself, whether or not you submit a timely and valid Claim Form to the Claim Administrator. If you do submit a timely and valid Claim Form to the Claim Administrator, you may not sue for the same claims under the FLSA or NYLL.

### P. Do I have a lawyer in this case?

The Court has decided that Plaintiffs' lawyers, Borrelli & Associates, P.L.L.C., are qualified to represent you and all Class Members as "Class Counsel." You do not owe Class Counsel any money for their services relating to the Lawsuit or the settlement. You do not need to retain your own attorney to participate in the settlement. If you do not exclude yourself from the settlement and want to be represented by your own lawyer in connection with the settlement, you may hire an attorney at your own expense.

### Q. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at 10:00A.M. on November 15, 2017 in Courtroom 11A at the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201. The date and time of this hearing will be posted at the Court or on the Court's website.

At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court may listen to people who have asked to speak at the hearing. The Court will also consider Class Counsel's request for Service Awards to the named Plaintiffs, and the payment of attorneys' fees. After the hearing, the Court will decide whether to approve the settlement and the requested damages, Service Awards, and fees.

### R. Do I have to attend the final approval hearing?

No. The named Plaintiffs and Defendants and their attorneys are responsible for presenting the settlement to the Court at the final approval hearing. You are welcome attend the hearing at your own expense, but are not required to. If you submit a timely, valid objection, the Court will consider it. You do not have to appear at the hearing to support your objection or pay your own lawyer to attend the hearing, but you may do so if you so choose.

### S. Can Defendants discriminate or retaliate against me for participating in the settlement?

No. Defendants have voluntarily agreed to pay up to the Gross Settlement Amount of six hundred seventy thousand dollars ($670,000.00). The FLSA and NYLL prohibit Defendants, or anyone acting on their behalf, from firing you or otherwise discriminating or retaliating against you because you have participated in this settlement.

9

**T.  Where can I get more information about the settlement?**

The above is a summary of the basic terms of the settlement. For the precise terms and conditions of the settlement, you may contact the Settlement Claims Administrator Toll-Free at 877-623-2703, or Plaintiffs' counsel, Michael J. Borrelli, Esq. of Borrelli & Associates at 516-248-5550.

**Please contact the Claims Administrator at 877-623-2703, AND NOT THE COURT, if you have questions regarding this Notice.**

10

Arden Claims Service, LLC
Claims Administrator
P.O. Box 1015
Port Washington, New York 11050

## CLAIM FORM AND RELEASE

In order to receive any portion of the settlement funds described in the Notice of the Proposed Settlement of the Class and Collective Action ("Notice") in the case entitled *Davis et al. v. Uptown Communications & Electric, Inc. et al.*, 1:16-CV-3990 (LB), you must sign, date, and return this Claim Form and Release to Arden Claims Service, LLC. It must be postmarked by September 27, 2017.

## CHANGES OF ADDRESS:

It is **your responsibility** to keep a current address on file with the Settlement Claims Administrator. Please make sure to notify Arden Claims Service, LLC of any change of address.

Arden Claims Service, LLC.

_____ [Date]

## CLAIM FORM AND RELEASE

*THIS FORM MUST BE POST-MARKED OR DELIVERED NO LATER THAN SEPTEMBER 27, 2017.*

| *TO BE FILLED OUT BY CLAIMS ADMIN.:* | *EMPLOYEE-- FILL IN YOUR PHONE NUMBER AND NOTE ANY CHANGES OR CORRECTIONS TO YOUR NAME OR ADDRESS* |
|---|---|
| NAME:_____ ADDRESS:_____ CITY, STATE, ZIP:_____ | _____ _____ (____) _____ AREA CODE        TELEPHONE NUMBER |

I affirm that I was employed by Uptown Communications & Electric, Inc. and hereby assert a claim under the Fair Labor Standards Act and the New York Labor Law.

1

I hereby designate the firm of Borrelli & Associates, P.L.L.C. to represent me in this action.

My signature below, on my behalf, and on behalf of my respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys constitutes a full and complete release and discharge of Uptown Communications & Electric, Inc., and Jonathan Smokler, and Daniel Greenberg ("Defendants"), Defendants' present and former parent companies, subsidiaries, predecessors, successors, assigns, related or affiliated companies, and their respective shareholders, members, officers, directors, employees, members, managers, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them (collectively, the "Releasees"), from any and all claims for any wage and hour violations that may have occurred arising from or relating to each Class Member's employment or engagement with Defendants under federal, state, and/or local law including any and all claims for unpaid overtime or minimum wage pay, failure to maintain and furnish employees with proper wage records, failure to furnish notices of pay rate, failure to pay spread of hours pay, failure to pay call-in pay, and all other claims that were or could have been asserted in the Litigation, whether known or unknown, under federal, New York state, and/or local wage and hour laws (including the Fair Labor Standards Act ("FLSA"), New York Labor Law, New York Code of Rules and Regulations, and the New York Wage Theft Prevention Act), through the date the Preliminary Motion for Settlement Approval is filed with the Court (the "Released Claims"). Said release and discharge shall bind each Class Member and his or her current, former, and future heirs, spouses, executors, administrators, agents, and attorneys.  The Released Claims include all claims for unpaid regular or overtime wages, claims under any wage and hour and wage payment law (including statutory claims), all claims arising under any state or local wage and hour law or regulation, interest on such claims, liquidated damages, penalties, attorneys' fees and costs related to such claims, and all other available remedies and relief of any kind or nature whatsoever related to such claims, arising from each such Class Member's employment with Defendants.

By signing this Consent Form and Release, I hereby consent to become a party in this action and authorize Borrelli and Associates, P.L.L.C. to file this Form with the Court.

I declare under penalty of perjury that the above information is correct.



DATE                                    SIGNATURE

2